IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAN SCHMIDT,
      Petitioner,

vs.                                Case No. 5:08cv77/RS/EMT

WALTER A. McNEIL,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the Department of Corrections' ("DOC") failure to award twenty-five (25) days of gain time for the month of August of 2006, because Petitioner received an unsatisfactory security rating (Doc. 1). Respondent filed a motion to dismiss claiming that this habeas action is now moot because Petitioner has been released from incarceration (Doc. 56). On March 17, 2010, the court issued an order requiring Petitioner to respond to the motion (Doc. 57). To date, no response has been filed.

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is moot.

I.      BACKGROUND AND PROCEDURAL HISTORY

In August of 2006, while in the custody of the DOC serving a 25-year sentence for strong arm robbery imposed by the Circuit Court for Bay County, Florida, on February 22, 1995, Petitioner received four corrective consultations, which resulted in an unsatisfactory security rating (Doc. 1 at 1, 4). As a result of the security rating, Petitioner was not awarded twenty-five (25) days of gain time (*id.*). After making his way through the administrative and state judicial processes, Petitioner

filed the instant federal habeas petition on March 17, 2008 (*id.* at 4–5). His petition presents one ground for relief—the failure to award the gain time without being provided an opportunity to contest the allegations underlying the corrective consultations violated the Due Process Clause (*id.* at 4). As relief, Petitioner requests immediate release unless twenty-five (25) days of gain time are applied to his release date (*id.* at 5).

Respondent's motion to dismiss contends that Petitioner was released from incarceration to conditional release supervision upon reaching his "tentative release date" ("TRD") (Doc. 56 at 2). The Conditional Release Program Act, Fla. Stat. § 947.1405, provides in pertinent part that:

> (2) Any inmate who:
>
> (a) Is convicted of a crime committed on or after October 1, 1988, and before January 1, 1994, and any inmate who is convicted of a crime committed on or after January 1, 1994, which crime is or was contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure (1993), and who has served at least one prior felony commitment at a state or federal correctional institution;
>
> (b) Is sentenced as a habitual or violent habitual offender or a violent career criminal pursuant to s. 775.084; or
>
> (c) Is found to be a sexual predator under s. 775.21 or former s. 775.23,
>
> shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions, . . . .

*See* Fla. Stat. § 947.1405(2). Pursuant to Sections 944.275(3)(a), 947.005(6), Florida Statutes, the "tentative release date" means the date projected for the prisoner's release from custody by virtue of gain time granted or forfeited, as determined by the DOC. According to Respondent, the instant petition, which seeks an award of gain time for purposes of reducing Petitioner's period of incarceration, is moot in light of his release from incarceration (Doc. 56). Respondent further contends Petitioner's term of conditional release supervision is equal to the amount of gain time he earned while in prison; therefore, the application of more gain time to his sentence would not benefit him now (*id.*).

II.     ANALYSIS

Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy.  Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).  Petitioner's ultimate objective in bringing this habeas action was an award of gain time which would have shortened his period of incarceration by twenty-five (25) days.  Since Petitioner has been released from incarceration, and an award of gain time would not shorten his term of conditional release, the undersigned finds that there is no longer a case or controversy to litigate. *See, e.g.*, Spencer v. Kemna, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (habeas corpus challenge to parole revocation was mooted by release, as there was no continuing controversy); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (state prisoner's challenge to calculation of gain time credits was mooted by release; prisoner challenged length rather than fact of confinement, and the length of confinement would have no collateral consequences); Doss v. Crosby, 357 F. Supp. 2d 1334 (N.D. Fla. 2005); Schmidt v. McNeil, No. 5:07cv281/RS/MD, 2010 WL 2351461 (N.D. Fla. Apr. 30, 2010); Humphries v. Rivera, No. 4:05cv466/RH/WCS, 2007 WL 1228512, at *1 (N.D. Fla. Apr. 24, 2007).  A favorable decision on the merits would not entitle Petitioner to any additional relief; therefore, he no longer has a "personal stake in the outcome." Accordingly, this habeas action is moot, and the motion to dismiss should be granted.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 56) be **GRANTED** and the petition for writ of habeas corpus (Doc. 1) be **DISMISSED as moot**.

2.      That all pending motions be **DENIED as moot**.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida this 9<u>th</u> day of August 2010.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**